IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON, DIVISION

| | | |
|---|---|---|
| MOUHAMADOU GAYE, Individually and on behalf of other employees similarly situated | § § § § | |
| Plaintiff, | § § | CIVIL ACTION COMPLAINT |
| v. | § § | CIVIL ACTION NO. _____ |
| TJD Transportation, TJD Limo, AND Djibril Gacou, Defendants. | § § § § § | JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT AND
## REQUEST FOR COLLECTIVE ACTION CERTIFICATION

Plaintiff Mouhamadou Gaye ("Plaintiff" or "Gaye"), individually and on behalf of all others similarly situated (collectively "Plaintiffs"), file their Original Complaint against Defendants TJD Transportation, TJD Limo, and Djibril Gacou (collectively "Defendants" or "TJD"), and for cause of action would specifically show that:

## I.
## PRELIMINARY STATEMENT

1. Plaintiff Mouhamadou Gaye brings this civil action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") on behalf of himself individually and on behalf of all those similarly situated, to recover unpaid back wages (29 U.S.C. § 211(a)), an additional equal amount as liquidated damages (29 U.S.C. § 216(c)), attorneys' fees and costs (29 U.S.C. § 216), and pre- and post-judgment interest.

2. Plaintiff seeks certification of this suit as a collective action on behalf of all current and former Misclassified Drivers who have been employed by TJD during the past three years ("Collective

1

Action Members"), and who have not been paid overtime compensation for all overtime hours worked.

## II.
## PARTIES

### A. Collective Action Members.

3. Mr. Gaye is an individual residing at 9850 Meadow Glen Lane, Apt. 200, Houston, TX 77042, which is in Harris County, Texas, which is located in the Southern District of Texas, Houston Division.

4. Mr. Gaye worked for TJD since September 2014 until August 20, 2017 as a limousine driver who was misclassified as an independent contractor. TJD provides limousine transportation services to the greater Houston area. TJD's office location is located at 16506 FM 529 Road, Suite 115-119, Houston TX, 77096, which is in the Southern District of Texas, Houston Division. Plaintiff did not receive overtime compensation for all hours worked.

5. The Collective Action Members are those persons who (a) currently or previously worked for Defendant during the three-year period preceding the filing of this complaint; (b) worked as a "Misclassified Driver," meaning a limousine driver that was improperly classified as an independent contractor (hereafter, "Misclassified Driver"); (c) were not compensated for overtime hours worked. Like Plaintiff, these persons engaged in commerce or in the production of goods for commerce in the performing of their duties for Defendant. These collective action members are referred to as "similarly situated."

### B. Defendant.

6. Defendant TJD Transportation[1] is a luxury town car and limousine service located at 16505 FM 529 Road, Suite 115-199, Houston TX, 77095, which regularly engages in business in the

---
[1] http://www.tjdtrans.com/index_files/Page1039.htm

Southern District of Texas. TJD Transportation can be served with citation by serving its owner at 4065 S. Braeswood 155, Houston, TX 77025, or wherever else it may be found.

7. Defendant TJD Limo is a luxury town car and limousine service located in Houston Texas. Gaye received his paychecks from TJD Limo. See Exhibit A which is once such paycheck. TJD can be served with process by serving its owner at 4065 S. Braeswood 155, Houston, TX 77025, or wherever else it may be found.

8. Defendant Djabril Gacou is an individual residing at 4065 S. Braeswood 155, Houston, TX 77025. Defendant Gacou may be served with process at 4065 S. Braeswood 155, Houston, TX 77025, or wherever else he may be found.

9. At all relevant times, TJD has been engaged in the business of owning and operating banks nation-wide. Defendant is engaged in interstate commerce with an annual volume of sales of not less than $500,000.

10. At all relevant times to this action, Defendant was the employer of Plaintiff and all others similarly situated within the meaning of 29 U.S.C. § 203(d) and is an "enterprise" engaged in commerce as defined in 29 U.S.C. §§ 203(r), 203(s).

### III.
### JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to the terms of the FLSA (29 U.S.C. §216(b)) and 28 U.S.C. §1331.

10. Venue is proper in the Southern District of Texas, Houston Division pursuant to 28 U.S.C. §1391(b) and (d) because Defendant resides in this District, a substantial part of the events forming the basis of this action occurred in this district and the parties have agreed to this venue.

### IV.

## COLLECTIVE ACTION ALLEGATIONS

11. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

12. Plaintiff Gaye ("Plaintiff") bring this action for violations of the FLSA as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. §216(b), on behalf of all Misclassified Drivers who were not paid the full time-and-a-half overtime premium for all hours worked, who were employed by Defendant in Texas within the last three years.

13. Similarly-situated Misclassified Drivers were not paid overtime compensation for all hours worked due to TJD's policies and procedures that necessitate

14. Therefore, Plaintiffs should be permitted to bring this action as a collective action for and on behalf of themselves and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. §216(b).

## V.
## FACTUAL BACKGROUND

15. Gaye worked for TJD as a limousine driver from on or about September 2014 until on or about August 20, 2017.  Mr. Gaye's job duties as a limousine driver required that he drive customers to their chosen location, often picking up clients at the Houston airport(s) and driving them to their homes, hotels, or offices.  The limousine(s) and sedan(s) Mr. Gaye drove as part of his job were provided by TJD, as was money for the gasoline and car washes.  Mr. Gaye does not have a formal education.

16. Mr. Gaye and other similarly-situated Misclassified drivers were improperly classified by TJD as independent contractors.  Several of TJD's misclassified drivers, i.e. drivers whom TJD pays as independent contractors, have worked for the company for many years.

17. TJD provides the vehicles driven by these misclassified drivers, and pays for gasoline and car washes.

18. TJD did not pay Mr. Gaye and other similarly-situated Misclassified Drivers for any overtime worked, as they were misclassified as independent contractors. Likewise, TJD did not withhold from Mr. Gaye's income for taxation, but rather issued him Form 1099's. Exhibit B.

19. TJD acknowledged that Mr. Gaye was an employee in an employment verification letter TJD's CEO and owner, Djabril Gacou, authored to verify his income, stating, "Mr. Mouhamadou is an employee in good standing." Exhibit C.

20. Mr. Gacou determined how and when Mr. Gaye was paid. Gacou also assigned the schedule for the Misclassified Drivers and was the supervisor responsible for hiring and firing the Misclassified Drivers.

21. TJD provided Mr. Gaye and the other similarly-situated Misclassified Driver with their weekly work schedule. Mr. Gaye regularly worked six days per week starting at 1:00 p.m. and ending his shift at 1:00 a.m. with no breaks throughout the shift.

22. As a Misclassified Driver, we were not permitted to cruise for passengers, but rather our appointments ("pick-ups") were scheduled ahead of time by the office. The customers were charged a flat rate for the trip, and there were no meters located in any of the limousines.

23. TJD also impermissibly required Mr. Gaye to pay for the repair of his work vehicle (the limousine) when it got damaged while he was working. Exhibit. D. Mr. Gaye paid $1,000 for the repair of his work vehicle—that belonged to TJD.

**COUNT I**
**<u>VIOLATIONS OF THE FLSA</u>**

24. All previous paragraphs are restated and re-alleged as though fully set forth herein.

25. The FLSA requires that covered employees be compensated one-and-one-half times their regular rate for hours worked over 40 per workweek. 29 U.S.C. § 207.

26. TJD is a covered "employer" required to comply with the FLSA's mandates.

27. Plaintiff, and other similarly-situated Misclassified Drivers, are/were covered employees, i.e. non-exempt employees, entitled to the FLSA's protections.

28. Defendant violated the FLSA in failing to pay Plaintiff Gaye and other similarly-situated Misclassified Drivers who were not paid overtime, and were improperly classified as independent contractors.

29. Defendant TJD failed to maintain accurate time records of Plaintiff's and actual start times, actual stop times, hours worked each day and total hours worked each workweek, within the three (3) year statute of limitations period.

30. As a result of the underpayment of wages alleged above, Defendant is indebted to Plaintiff and Collective Action Members in the amount of the unpaid overtime compensation.

31. Plaintiff and the Collective Action Members are further entitled to recover an additional equal amount as liquidated damages (29 U.S.C. § 216(c)) and attorneys' fees and costs (29 U.S.C. § 216).

32. The written Consent form of Mr. Gaye is attached as **Exhibit E.**

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of themselves and all similarly-situated Misclassified Drivers pray for relief as follows:

A.    Designation of this action as a collective action on behalf of the similarly-situated Misclassified Drivers and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Opt-In Class, apprising them of the pendency of this

action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

    B.    Lost overtime wages and improperly deducted wages and overtime, to the fullest extent permitted under the law;

    C.    Liquidated damages, prejudgment interest, and monetary penalties to the fullest extent permitted under the law;

    D.    Litigation costs, expenses, and attorney's fees to the fullest extent permitted under the law; and

    E.    Such other and further relief as this Court deems just and proper.

Respectfully Submitted,

TRAN LAW FIRM

/s/ Trang Q. Tran
Trang Q. Tran
Federal I.D. 20361
Texas Bar No. 00795787
2537 S. Gessner Road, Suite 104
Houston, Texas 77063
(713) 223-8855 Telephone
(713) 623-6399 Facsimile
Ttran@tranlawllp.com

Nichole Nech
State Bar No. 24033816
Federal Bar No. 435541
800 Bering Drive, Ste. 220
Houston, TX 77057
Telephone: (713) 936-9496
Facsimile: (888) 557-7257
eservice@nechtriallaw.com

**ATTORNEYS FOR PLAINTIFF**