IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MOUHAMADOU GAYE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-18-243 |
| | § | |
| TJD TRANSPORTATION, | § | |
| TJD LIMO, and DJIBRIL GACOU, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

Mouhamadou Gaye sued TJD Transportation, TJD Limo, and Djibril Gacou, alleging that the defendants failed to pay him overtime rates for overtime work, in violation of the Fair Labor Standards Act. (Docket Entry No. 1). Gaye has moved for partial summary judgment on the grounds that he was the defendants' employee, not an independent contractor, and that the defendants' affirmative defenses are improper or fail as a matter of law. The defendants cross-moved for summary judgment on the ground that Gaye was an independent contractor, and Gaye responded. (Docket Entry No. 46, 47, 50).

After a careful review of the pleadings, record evidence, motions, response, and the applicable law, Gaye's motion for summary judgment is granted as to his employment status and denied as to the defendants' affirmative defenses. (Docket Entry No. 46). The defendants' cross-motion is denied. (Docket Entry No. 47). The reasons for these rulings are explained in detail below.

I.     **Background**

Djibril Gacou is the sole proprietor of a Houston-area luxury transportation company that operates a fleet of ten vehicles. (Docket Entry No. 50-1 at 5, 36, 40). TJD Limo and TJD Transportation are unincorporated business names that Gacou registered with Harris County, Texas. (*Id.* at 5–6). Gaye worked as a driver for the defendants from August 2014 to June 2017, earning a flat daily rate of $185 plus tips. (*Id.* at 11, 18).

The defendants required Gaye to work an "evening shift" three to five days per week. (*Id.* at 31, 65–67). Gaye received driving assignments by text messages telling him who, when, and where to pick up; the destination; and how much to charge. (*Id.* at 61; *see* Docket Entry No. 46-3). Gaye could do what he pleased during downtime, including driving for ride-hailing services like Uber, so long as he split that income with the defendants. (Docket Entry No. 50-1 at 60). Gaye could not, however, turn down driving assignments during a shift. (*Id.* at 50).

The defendants owned, insured, and maintained the business's vehicles; and paid for fuel and carwashes. (*Id.* at 39). Gacou hired and fired drivers. (*Id.* at 72). He also trained new drivers, including Gaye, for six months, teaching them how to avoid traffic, navigate Houston's airports, park the vehicles, and open doors for clients. (*Id.* at 20–22, 26–28, 36, 39, 61). Gaye had to buy water, soda, candy, newspapers, and air fresheners for the vehicles he drove. (*Id.* at 40).

II.    **The Legal Standard**

"Summary judgment is appropriate only when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Shepherd on Behalf of Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 282–83 (5th Cir. 2019) (quoting FED. R. CIV. P. 56(a)). "A material fact is one that might affect the outcome of the suit under governing law," and "a fact issue is genuine if the evidence is such that a reasonable

2

jury could return a verdict for the non-moving party." *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 611 (5th Cir. 2018) (quotations and citations omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating that there is an issue of material fact warranting trial.'" *Kim v. Hospira, Inc.*, 709 F. App'x 287, 288 (5th Cir. 2018) (alteration omitted) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)). The moving party must demonstrate the absence of a genuine issue of material fact, but it need not negate the elements of the nonmovant's case. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017). "If the moving party fails to meet [its] initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001)).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). The nonmovant must identify specific evidence in the record and articulate "the precise manner in which" that evidence supports that party's claim. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). "A party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Lamb v. Ashford Place Apartments L.L.C.*, 914 F.3d 940, 946 (5th Cir. 2019) (quotation omitted). "A failure on the part

of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). In reviewing a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Newman v. Guedry*, 703 F.3d 757, 761 (5th Cir. 2012).

### III. Analysis

#### A. Gaye's Employee Status

The parties' summary judgment motions require the court to decide whether Gaye was an employee or an independent contractor under the FLSA. "To determine if a worker qualifies as an employee," a court "focus[es] on whether, as a matter of economic reality, the worker is economically dependent upon the alleged employer or is instead in business for himself." *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008). Five factors guide this inquiry: "(1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship." *Id*. "No single factor is determinative," and each "is a tool used to gauge the economic dependence of the alleged employee." *Id*. (emphasis omitted).

Some FLSA cases present "facts pointing in both directions regarding the issue of employee status." *Cromwell v. Driftwood Elec. Contractors, Inc.*, 348 F. App'x 57, 60 (5th Cir. 2009) (quotation omitted) (finding that "the facts . . . truly appear to be nearly in equipoise"). This is not one of those cases. The undisputed record evidence establishes that, as a matter of law, Gaye

was an employee. Because the defendants concede that the parties' relative investments indicate employee status, the court addresses the four other factors.

### 1. The Degree of Control

Control is measured by whether the employer or the worker dictates the "'meaningful' economic aspects of the business," including "hiring, firing, [and] assignment." *Hopkins*, 545 F.3d at 343. Correspondingly, "the lack of supervision over minor regular tasks cannot be bootstrapped into an appearance of real independence." *Brock v. Mr. W Fireworks, Inc.*, 814 F.2d 1042, 1049 (5th Cir. 1987) (quoting *Usery v. Pilgrim Equip. Co., Inc.*, 527 F.2d 1308, 1312 (5th Cir. 1976)).

Relying on *Herman v. Express Sixty-Minutes Delivery Service, Inc.*, 161 F.3d 299 (5th Cir. 1998), the defendants argue that this factor favors finding independent-contractor status because they did not set "specific working hours for [their] drivers," and they allowed Gaye to "drive for other transportation companies" when not working a shift. (Docket Entry No. 47 at 5). The independent-contractor drivers in *Herman*, like Gaye, were not subject to a noncompete covenant. But unlike Gaye, the independent-contractor drivers in *Herman* "set their own hours and days of work and c[ould] reject deliver[y]" assignments." *Herman*, 161 F.3d at 303. The Fifth Circuit contrasted these *Herman* drivers with "employee-drivers who . . . report for work at a specified time; are paid by the hour; work a set number of hours that are determined by [the employer]; are required to wear a uniform; [and] are not allowed to turn down deliveries." *Id.*

Gaye's work resembles that of the employee-drivers. Gaye received a flat daily rate, and the defendants told him when to start working; who, when, and where to pick up; and required him to accept all driving assignments. (*See* Docket Entry No. 50-1 at 11, 18, 61, 50). In addition to assigning drivers, Gacou hired and fired employees for the defendants, showing that he "controlled the 'meaningful' economic aspects of the business." *Hopkins*, 545 F.3d at 343. While Gaye could

5

choose what refreshments to put in the car and what route to take, these are "minor . . . tasks [that] cannot be bootstrapped into an appearance of real independence." *Brock*, 814 F.2d at 1049.

This factor favors finding that Gaye was an employee.

### 2. The Opportunity for Profit or Loss

A worker's opportunity for profit or loss is determined by whether that worker controls how much money he or she could make. *Hopkins*, 545 F.3d at 344. The defendants argue that Gaye was an independent contractor because he could work a second job and make as much money as he wanted when he was not working a shift. (*See* Docket Entry No. 47 at 7). Gacou provides no authority for this argument, which misconstrues the focus of the inquiry. The focus is on Gaye's work for the defendants, not on how Gaye could spend time outside of that work. The defendants set the shifts, paid Gaye a flat rate, and told him what fares to charge. Gaye had little, if any, control over how much profit he could make. (Docket Entry No. 50-1 at 11, 61).

This factor favors finding that Gaye was an employee.

### 3. The Required Skill and Initiative

The defendants argue that the record shows that Gaye was an independent contractor because he and the company's other drivers "exercised full discretion on how they ran their route." (Docket Entry No. 47 at 9). While the Fifth Circuit "look[s] for some unique skill set" or "some ability to exercise significant initiative within the business," *Hopkins*, 545 F.3d at 345, the defendants' argument is foreclosed by *Herman*, which held that the district court clearly erred in finding that drivers who chose their routes had the initiative and skill necessary for independent-contractor status. The *Hopkins* drivers, like Gaye, made deliveries only on assignment, and they had no control over what to charge clients or other business decisions. *Herman*, 161 F.3d at 305.

As in *Hopkins* and *Herman*, this factor favors finding that Gaye was an employee. *Id.*; *see Brock*, 814 F.2d at 1053; *Usery*, 527 F.2d at 1314.

### 4. The Permanency of the Relationship

"This factor weighs in favor of employee status when the work is done continuously and for a long period of time." *Wherley v. Schellsmidt*, No. 3:12-CV-242-D, 2013 WL 5744335, at *6 (N.D. Tex. Oct. 23, 2013) (citing *Donovan v. DialAmerica Mktg., Inc.*, 757 F.2d 1376, 1384–85 (3d Cir. 1985)). Gaye worked continuously for the defendants from August 2014 to June 2017, nearly three years. *See Robicheaux v. Radcliff Material, Inc.*, 697 F.2d 662, 665 (5th Cir. 1983) (continuous employment "ranging from ten months to three years" indicated employee status).

All of the relevant factors establish that Gaye was an employee as a matter of law. The court grants Gaye's summary judgment motion as to his employment status and denies the defendants' cross-motion for summary judgment as to independent-contractor status.

### B. Affirmative Defenses

Gaye has also moved for partial summary judgment on the defendants' good-faith defense and affirmative defenses based on unspecified exemptions. (Docket Entry No. 46 at 9). These defenses have been withdrawn, and the court denies Gaye's request as moot. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

Gaye also asserts that the defendants' remaining affirmative defenses are improper because they allege only that his complaint failed to state a *prima facie* FLSA violation. (Docket Entry No. 46 at 9). But Gaye does not ask for any relief, and a "denial that an essential element of a claim exists . . . need not be included in the answer under [R]ule 8(b)." *Am. Gooseneck, Inc. v. Watts Trucking Serv., Inc.*, No. 97-50969, 1998 WL 698937, *4 (5th Cir. Sep. 16, 1998). Gaye's motion as to these defenses is denied.

**IV.     Conclusion**

Gaye's motion for partial summary judgment is granted and denied in part. (Docket Entry No. 46). The defendants' cross-motion is denied. (Docket Entry No. 47). The docket call set for **July 11, 2019, at 10:30 a.m.**, will proceed as scheduled.

SIGNED on June 25, 2019, at Houston, Texas.

                                        Lee H. Rosenthal
                                Chief United States District Judge